**Charles Burns HORNBROOK,**

**v.**

**UNITED STATES of America.**

**No. 15036.**

United States Court of Appeals
Fifth Circuit.

Oct. 22, 1954.

Charles Burns Hornbrook, in propria persona, H. A. Stephens, Jr., Charles H. Edwards, Atlanta, Ga., for appellant.

Floyd M. Buford, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion under Section 2255, Title 28 U.S.Code, to vacate the judgment and sentence for violation of Section 2314, Title 18 U.S.Code. The motion to vacate was based on the grounds that appellant was never arraigned and did not know

the nature of the charge; that the indictment was not returned in open court; that the case was transferred to the Middle District of Georgia from another district without compliance with Federal Rules of Criminal Procedure, Rule 20, 18 U.S.C.A., since it was alleged no indictment had been found at the time of arrest; that the sentence was invalid for uncertainty and constituted cruel and unusual punishment; and that appellant was not guilty. The United States District Court for the Middle District of Georgia denied the motion without a hearing and movant appealed. Section 2255 requires that a hearing be held unless the record shows conclusively that the petitioner is not entitled to relief.

■ The District Judge concluded that the motion and the record of the case before the court showed conclusively that the appellant was entitled to no relief, and we find ourselves in full agreement with that conclusion. The record contains an acknowledgment of receipt of a copy of the indictment and of desire to plead guilty, signed by appellant before the case was transferred from the District of the indictment; that appellant was represented by counsel of his choice; and contains a plea of guilty, signed by his attorney, acknowledging that the charges were stated to appellant. As for the objection that the indictment was not returned in open court, the record shows that such objection was waived by the plea of guilty. Federal Rules of Criminal Procedure, Rule 12 (b) (2, 3), 18 U.S.C.A. The manifest meaning of Rule 20, Fed.Rules Crim. Proc. is that an arrested person who wishes to plead guilty may consent to transfer any indictment from another district where it *is then pending*. It need not be pending at the time of arrest. The record shows that the requirements of Rule 20 have been fully met to confer jurisdiction on the trial court. The objection that the sentence of five years imprisonment was cruel, unusual, or uncertain is frivolous. Appellant cannot in a motion under Section 2255 raise the defense of his innocence, having by the

plea of guilty in the record formally admitted all facts alleged in the indictment and waived all nonjurisdictional defenses. United States v. Gallagher, 3 Cir., 183 F.2d 342. Matters not presented in the motion to the trial court may not be considered on this appeal, and since the motion and the records in the case showed conclusively appellant was not entitled to relief, it was not error not to hold a hearing on the motion. Section 2255, Title 28, U.S.Code.

The order of the District Court denying the motion is affirmed.