**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David McGEE et al., Defendants-
Appellants.**

**No. 71-3326.**

United States Court of Appeals,
Fifth Circuit.

July 21, 1972.

Rehearing Denied Aug. 28, 1972.

Trammell F. Shi, Macon, Ga. (Court-appointed), for McGee.

E. B. Shaw, Atlanta, Ga., for Mitchell.

C. Ronald Ellington, Professor of Law, Samuel M. Davis, Professor of Law, Athens, Ga. (both Court-appointed), for Preston.

William J. Schloth, U. S. Atty., Ronald T. Knight, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before WISDOM and INGRAHAM, Circuit Judges, and EDENFIELD, District Judge.

**PER CURIAM:**

David McGee, Albert Solomon Preston, Jr. and Sherod William Mitchell were tried and convicted by a jury over their pleas of not guilty to offenses under 18 U.S.C. § 2113(d), arising out of their involvement in the armed robbery of the Georgia Bank & Trust Company, Riverside Branch, Macon, Georgia. The bank at that time was a federally insured depository. Sentences were imposed on each appellant—McGee, 12 years; Preston, 15 years, and Mitchell, 18 years. Each has appealed. We affirm.

Mitchell and Preston were identified as two of the bank robbers by employees of the branch bank. Police officers captured both McGee and Mitchell while riding in a yellow Vega automobile, which contained both the means of perpetration of the robbery and the fruits of that endeavor. Probable cause to arrest is not challenged. McGee and Mitchell challenge their convictions on grounds that their confessions were involuntary and given without the government's prior compliance with the mandate of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). From the face of the record, however, sufficient evidence appears that appellants Mitchell and McGee's statements were voluntarily made and that *Miranda* was given its due. Cf. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

Preston argues that his arrest, which was made in a different part of town and several hours after the robbery, was unlawful as a prior warrant had not been obtained.[1] No motion to suppress or otherwise object to evidence flowing from his arrest was made. Neither the district court nor the prosecution were called upon to consider or support the conclusion that the officer arresting Preston had probable cause to arrest.

The lack of probable cause to arrest should be raised before trial if possible, and certainly at trial. This court, nevertheless, is bound to consider error apparent on the face of the record which rises to the level of "plain" or "fundamental" error. F.R.Cr.P., Rule 52(b); United States v. Webb, 463 F.2d 1324 (5th Cir., 1972); Sykes v. United States, 373 F.2d 607 (5th Cir., 1966).

The claim that Preston's arrest was made without warrant or probable cause, however, does not on this record arise to the level of plain error. The record indicates that Preston was arrested approximately two hours after the robbery and after Macon police officers had spotted him walking away from the stolen get away car in such haste that the car doors had been left wide open. At the time of the arrest, the officer had probable cause to arrest Preston based on what he then knew—(1) that the bank had been robbed by four Negro males; (2) that one of the robbers had been attired in a yellow basketball shirt; (3) that two of the robbers had fled the scene in a stolen Pontiac; and (4) that Preston was spotted within sight of the Pontiac, was a Negro male fitting the general physical description of one of the robbers and was even then still wearing the yellow basketball shirt described by a bank employee.[2] Cf.

---

1. "An arrest without a warrant is not constitutionally infirm if at the moment the arrest was made the arresting officer had probable cause to make it." United States v. Breedlove, 444 F.2d 422 (5th Cir., 1971), citing Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

2. In United States v. Breedlove, 444 F.2d 422, 424 (5th Cir., 1971) we observed:
 " 'In dealing with probable cause, * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1948). 'Probable cause exists where "the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an of-

United States v. Breedlove, 444 F.2d 422 (5th Cir., 1971).

Finding no other issue meriting continued elaboration, the judgment of the district court is affirmed.

fense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280 [69 L.Ed. 543].' Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1958). Of particular moment in the instant case is the commission of an armed robery followed by flight to avoid police detection. The exigencies of the situation made Officer Hicks' course

of action imperative. See McDonald v. United States, 335 U.S. 451, 457, 69 S. Ct. 191, 93 L.Ed. 153 (1948). Moreover, the emergency nature of the arrest militates rather heavily, we think, in determining its reasonableness."