**David McGEE, #34333–118, Plaintiff-Appellant,**

v.

**UNITED STATES DISTRICT COURT, MACON, GEORGIA, Defendant-Appellee.**

No. 73–2575

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1973.

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 5th Cir. 1970, 431 F.2d 409, Part I.

**704**

David McGee, pro se.

William J. Schloth, U. S. Atty., Ronald T. Knight, Asst. U. S. Atty., Macon, Ga., for defendant-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

On appeal from the summary denial below of his Section 2255 petition, Mc-Gee challenges the voluntariness of his confession, contending that it was coerced in violation of *Miranda* and improperly induced by plea bargaining and promises of leniency. Both this court on a direct appeal from the original conviction, United States v. McGee, 464 F. 2d 542, 543 (5th Cir. 1972), and the district court below in rejecting two habeas

petitions by McGee, have adjudicated this same issue to be without merit. In addition, McGee seeks to contest the effectiveness of his court-appointed counsel, the trial court's instructions to the jury, and the accuracy of the trial transcript. These contentions, several of which were raised and rejected in the prior habeas proceedings, can, in no event, be reviewed in this court since none of them were presented in the motion before the court below. Chunn v. Clark, 451 F.2d 1005 (5th Cir. 1971); Dryden v. United States, 403 F.2d 1008 (5th Cir. 1968). This appeal is dismissed as a frivolous abuse of legal process.

Dismissed.