**Money WILLIAMS,
Petitioner-Appellant,**

v.

**Louie WAINWRIGHT, Director,
Division of Corrections,
Respondent-Appellee.**

No. 75–4425
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 22, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

trict court dismissed the petition. This dismissal was appropriate; the prosecutor did not comment on appellant's failure to testify or to make a statement, but on a statement appellant did make to the police that was contradictory to his position at trial. Accordingly, the prosecutor's statement merely called attention to a prior inconsistent statement that impeached appellant's trial alibi. This was not improper. *See generally United States v. Maizumi,* 526 F.2d 848, at p. 850 (5th Cir. 1976).

In his appellate brief appellant has argued for the first time that he was the victim of a tainted pre-trial identification and illegal evidence. He also contends that the evidence was insufficient to support his conviction. These issues were not presented to or considered by the district court and we do not, therefore, entertain them. *See McGee v. United States District Court,* 489 F.2d 703 (5th Cir. 1973).

Affirmed.

Money Williams, pro se.

Robert L. Shevin, Atty. Gen., Miami, Fla., Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

In this habeas corpus action appellant contended in the district court that his state bank robbery conviction should be set aside because of improper prosecutorial comment on appellant's failure to testify at trial and his refusal to make a statement to police. The dis-