Reynaldo Medrano BAEZA, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 76–1415
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 6, 1976.
Rehearing and Rehearing En Banc Denied Jan. 10, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

the El Paso Division of the Western District.

At the outset it must be emphasized that this challenge fails to allege the deprivation of a constitutional right. Since the crime, indictment, and guilty plea all occurred within the same district, the appellant's objection only amounts to an attack on venue. Venue is a mere personal and technical right which may be waived. *Harper v. United States,* 383 F.2d 795 (5th Cir. 1967).

Counsel for appellant argues that the indictment purported to have been rendered in the Pecos Division, that he was without knowledge before the guilty plea of its allegedly defective nature, and therefore no waiver may be found in these circumstances.

Assuming the above allegations are true, we are of the opinion that even if the indictment was defective the plea of guilty by appellant operates to preclude such a procedural attack. In the case of *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1972) the respondent petitioned for post conviction relief contending that there were infirmities in the grand jury selection process of which his counsel had not advised him and that his plea of guilty was therefore not intelligently made. "An unchallenged affidavit submitted by the attorney who represented respondent in the 1948 criminal proceeding stated that counsel did not know as a matter of fact that Negroes were systematically excluded from the Davidson County grand jury, and that therefore there had been no occasion to advise respondent of any rights he had as to the composition or method of selection of that body." 411 U.S. at 260, 93 S.Ct. at 1604.

In reversing the Court of Appeals which had held that no waiver of constitutional rights had occurred, the Supreme Court held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise in-

Raymond C. Caballero, El Paso, Tex., for petitioner-appellant.

John E. Clark, U. S. Atty., Le Roy Morgan Jahn, Wayne F. Speck, Asst. U. S. Attys., San Antonio, Tex., for respondent-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

On August 20, 1974, appellant Baeza, pursuant to advice of counsel, entered a guilty plea to an indictment charging a violation of 21 U.S.C.A. § 952(a). Contending that the indictment was fatally defective, Baeza presently appeals the denial without a hearing of his 28 U.S.C.A. § 2255 motion for post conviction relief.

The grounds for the challenge to the indictment are that while the crime was committed in Pecos Division of the Western District of Texas, the indictment was returned and the guilty plea was received in

dependent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763]" 411 U.S. at 267, 93 S.Ct. at 1608.

In addressing the unawareness of the respondent and his counsel of the alleged infirmities in the grand jury selection process, the Supreme Court further stated that "[a] guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have had to the charge . . .." 411 U.S. at 267, 93 S.Ct. at 1608.

The standard enunciated in *Tollett, supra,* in our opinion is determinative of this appeal and indeed mandates that we affirm the District Court since the challenge to the indictment in the instant case does not rest upon constitutional grounds as did the attack in the *Tollett* case.

Having so held, we pretermit the determination of whether a waiver occurred under Rule 12(b)(2) of the Federal Rules of Criminal Procedure. Likewise we pretermit the determination of whether the bringing of the indictment in a division of a district other than that in which the crime was committed was error and, if so, whether it may be deemed harmless pursuant to Rule 52(a) of the Federal Rules of Criminal Procedure. *See In Re May 1972 San Antonio Grand Jury.* 366 F.Supp. 522 (W.D.Tex. 1973)

■ Appellant's contention with respect to the alleged invalidity of his sentence was not before the District Court, and hence may not be asserted for the first time on appeal. *McGee v. United States,* 489 F.2d 703 (5th Cir. 1973).

The judgment of the District Court is ⸙ AFFIRMED.