**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hershel Hiram McKNIGHT,
Defendant-Appellant.**

No. 82–1228
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1982.

Hershel Hiram McKnight, pro se.

John Mitchell Nevins, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

Once again Hershel Hiram McKnight appeals from the district court's dismissal of his *pro se* motion for post conviction relief pursuant to 28 U.S.C. § 2255. Once again we affirm the district court's dismissal.

Hershel Hiram McKnight has filed three § 2255 motions following his 1971 conviction and sentence for conspiring to rob a bank in violation of 18 U.S.C. § 371 and for carrying a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c)(2). The facts and procedural history of his first two motions need not be repeated here as they are presented in *McKnight v. United States*, 507 F.2d 1034 (5th Cir.1975). In this, his third attempt to obtain post conviction relief, McKnight raises two issues. First, he asserts that the indictment upon which his charge and conviction were based was fundamentally defective because the word "unlawfully" was omitted from it. The contention is frivolous. The district court adopted a magistrate's finding that the indictment did charge that Hershel Hiram McKnight was in the unlawful possession of a firearm. That finding is clearly supported by the record.

Second, he asserts for the first time on appeal that the trial court's jury charge was defective because it failed to instruct the jury that the prosecution had the burden to prove that actual possession of a firearm was itself illegal. It is well settled that an appellate court will not consider a § 2255 claim for the first time on appeal. *United States v. Scott*, 672 F.2d 454 (5th Cir.1982). On this ground alone we must overrule this contention.

There is yet another reason, however, why Hershel Hiram McKnight can get no relief from this court. In *McKnight v. United States,* 507 F.2d 1034 (5th Cir.1975), we remanded the case to the district court for a determination as to whether McKnight had deliberately by-passed his right to a direct appeal on several asserted issues, one of which involved the erroneous jury instruction claim asserted here. On remand, the district court so found. McKnight appealed that finding and we affirmed without opinion. *McKnight v. United States,* 525 F.2d 691 (5th Cir.1975). This means that McKnight is forever precluded from asserting any of the claims presented in his second § 2255 motion unless he is able to demonstrate "cause and actual prejudice." *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816, 830 (1982).

Because Hershel Hiram McKnight does not raise a single issue to warrant him relief, has improperly raised an issue for the first time on appeal, and has made neither a demonstration of "cause nor actual prejudice" from the trial court's jury instruction, we can offer him no better news on his third attempt at § 2255 relief. The District Court was correct in dismissing his motion.

AFFIRMED.