**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Ray HOUSTON,
Defendant-Appellant.**

No. 83–1719
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1984.

Robert Ray Houston, pro se.

Edward C. Prado, U.S. Atty., Sidney Powell, Wayne Speck, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Houston, in a petition filed under 28 U.S.C. § 2255, attacks his 1983 conviction of conspiracy to possess marijuana with intent to distribute. He raises four issues.[1]

---

1. Local Rule 47.5 provides: "The publication of     opinions that have no precedential value and

1. Whether the Government violated the plea agreement by referring to large amounts of marijuana in the presentence report when the prosecutor had agreed that appellant was involved with only a small amount, and by stating at rearraignment that the Government would oppose probation.

2. Whether counsel was ineffective.

3. Whether the trial court erred in conferring ex parte with the probation officer before sentencing.

4. Whether the sentence was too severe in light of the sentences imposed on the coconspirators.

Issue 2 was not presented to the district court. This Court will not consider a § 2255 claim for the first time on appeal. *United States v. McKnight*, 693 F.2d 476 (5th Cir.1982). The district court denied Houston's § 2255 motion without an evidentiary hearing, but granted leave to proceed in forma pauperis. We discuss each issue in turn.

\* \* \* \* \* \*

ISSUE 3:

Houston contends that during the sentencing proceeding, the district court erred in conferring with the probation officer without Houston or his counsel present. Houston argues that the district court should have complied with Fed.R.Crim.P. 32 and disclosed the substance of the conference so that he could have rebutted the probation officer's statements.

Houston and five codefendants were represented by counsel at the sentencing hearing. Houston and his counsel reviewed the presentence report and made their objections known to the sentencing court. Houston pointed out to the judge several statements in the presentence report. Both Houston and his counsel were afforded the right of allocution at sentencing. After hearing all the defendants and their counsel, the sentencing court took a recess.

Judge Suttle, who decided this § 2255 case, was also Houston's sentencing judge. In his order denying the § 2255 motion, the judge stated that the recess was to confer with the probation officer as to appropriate disposition of the defendants. Judge Suttle further stated that he received no confidential information from the probation officer, but drew upon his expertise to aid in assessing appropriate punishments against each defendant. When Judge Suttle returned after the recess and pronounced sentence, no objection was made to the judge's conference.

■ There was no error. It is not improper for the district court to hold presentence conferences with the probation staff. *See United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983). There was no violation of Rule 32, which deals with the presentence investigation report. Rule 32(c) describes how a presentence report shall be prepared and handled. Subsection (c)(3)(A) provides that the defendant shall be given access to the report and "an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it." As noted, Houston was given this opportunity and did comment on the presentence report. Nothing in Rule 32 requires that the judge disclose information which he does not rely on. Nor does Rule 32 require the judge to disclose the recommendations made by probation officers. Rather, subsection (c)(3)(A) provides that such recommendations in the presentence report need not be disclosed.

\* \* \* \* \* \*

AFFIRMED.

■

merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that only that part of this opinion dealing with Issue 3 should be published.