928 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donny Cherl BAXTER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donny Cherl BAXTER, Defendant-Appellant.
 Nos. 89-5073, 89-5074.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 16, 1990.
Decided March 19, 1991.
 
 Appeals from the United States District Court for the District of South Carolina, at Greenville. Joe F. Anderson, Jr., District Judge. (CR-88-237, CR-88-238)
 Allen B. Burnside, Assistant Federal Public Defender, Columbia, S.C., for appellant.
 David Calhoun Stephens, Assistant United States Attorney, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donny Cherl Baxter pled guilty to one count of forging and indorsement with intent to defraud in violation of 18 U.S.C. Sec. 410(a)(2) and 2, and one count of bank fraud in violation of 18 U.S.C. Sec. 1344. He was sentenced to two concurrent 16-month terms.
 
 
 2
 Counsel for Baxter filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967). Baxter was notified by his attorney of his right to file a supplemental brief but failed to exercise this right.
 
 
 3
 The issue presented by Baxter's counsel on appeal is whether the district court erred when it held an ex parte conference with the probation officer during the sentencing hearing. Baxter contends that he is unaware of the subject of that conference.
 
 
 4
 It is well settled that sentencing judges face few limitations on what may be considered in sentencing. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the united States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. Sec. 3661. See also Roberts v. United States, 445 U.S. 552 (1980).
 
 
 5
 Though there are no Fourth Circuit opinions addressing the issue of ex parte communications between the probation officer and the sentencing judge, other circuits have held that such conferences are not improper despite the lack of defendant's participation. See United States v. Story, 716 F.2d 1088 (6th Cir.1983) (pre-sentence conferences with probation officer to discuss defendant's explanation of events not improper); United States v. Houston, 745 F.2d 333 (5th Cir.1984), cert. denied, 470 U.S. 1008 (1985) (no error where sentencing court conferred with probation staff prior to sentencing); United States v. Gonzales, 765 F.2d 1393 (9th Cir.1985), cert. denied, 474 U.S. 1068 (1986) (since probation officer acts as arm of court in preparing pre-sentence report, it was not error for judge to discuss report with probation officer). Based on this authority we find no error in the court's conference with the probation officer.
 
 
 6
 As required by Anders, we have independently reviewed the entire record and the pre-sentence report. We considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal.
 
 
 7
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that an appointed attorney inform his client in writing of his right to petition the Supreme Court for a writ of certiorari. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.