# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 95-50660
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANK MANDUJANO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CV-1000)

May 29, 1996

Before WISDOM, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In February 1991, the defendant-appellant, Frank Mandujano, pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At Mandujano's sentencing hearing, the district court found that Mandujano was subject to the enhancement provisions of the Armed Career Criminal Act,[1] and sentenced him to the mandatory minimum of fifteen years imprisonment, three years supervised release, and a fifty dollar special assessment. On direct appeal, this court affirmed both Mandujano's conviction and sentence.[2]

In 1994, Mandujano brought the present action under 28 U.S.C. § 2255. In his original petition, Mandujano alleged that his trial counsel was ineffective, that his indictment was ineffective,

---

[*]   Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent, except under the limited circumstances set forth in Local Rule 47.5.4.

[1]   18 U.S.C. §924(e)(1).

[2]   *United States v. Mandujano,* No. 91-5751 (5th Cir. 1992) (unpublished).

and that his criminal history category was improperly calculated. The magistrate judge recommended that the district court deny Mandujano's motion. Mandujano filed objections to the magistrate's report, and raised in them for the first time his contention that § 922(g)(1) is unconstitutional as applied to him in light of *United States v. Lopez.*[3] The district court rejected all of Mandujano's arguments. Mandujano timely appealed.

We first note that Mandujano has presented only three issues for appeal: 1) his *Lopez* challenge to § 922(g)(1); 2) an argument that his indictment for a crime "in *and* affecting commerce" created a fatal variance from the statutory language requiring the crime to be "in *or* affecting commerce; and 3) an argument that the government was required to prove as an element of the offense that he had knowledge that his possession was in and affecting interstate commerce. Because Mandujano did not brief any of three arguments presented in his original petition, he has waived the right to appeal them.[4] Furthermore, of the issues presented to this court, Mandujano presented only the first argument to the district court. As such, Mandujano's second and third arguments are also procedurally barred.[5] Thus, all that remains on appeal is Mandujano's *Lopez* challenge.

In *United States v. Lopez,*[6] the Supreme Court held that the Gun Free School Zones Act of 1990[7] was beyond Congress's power under the Commerce Clause.[8] Mandujano now argues that under the reasoning of *Lopez,* the government was required to prove that Mandujano personally transported a firearm in interstate commerce before it could convict Mandujano for possession of a firearm under 18 U.S.C. § 922(g)(1). This argument misconstrues *Lopez.*

---

[3]    115 S. Ct. 1624 (1995).

[4]    *Applewhite v. Reichhold Chemicals, Inc.* 67 F.3d 571, 573 (5th Cir. 1995).

[5]    *United States v. Houston,* 745 F.2d 333, 334 (5th Cir. 1984), *cert. denied,* 470 U.S. 1008 (1985); *Vardas v. Estelle,* 715 F.2d 206, 208 (5th Cir. 1983), *cert. denied,* 465 U.S. 1104 (1984).

[6]    115 S. Ct. 1624.

[7]    18 U.S.C. § 922(q).

[8]    115 S. Ct. at 1623-34.

2

The *Lopez* court struck down the Gun Free School Zones Act because it contained "no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce."[9] In contrast, § 922(g)(1) contains an explicit requirement that a nexus to interstate commerce be established.[10] This jurisdictional element is satisfied if the government proves that the firearm in possession had previously traveled in interstate commerce.[11]

At the time of his guilty plea, Mandujano stipulated that the firearm he possessed was manufactured outside of Texas, and thus had traveled in interstate commerce prior to his possession of it in that state. This admission is sufficient to satisfy the requirements of the statute.[12] Thus, § 922 (g)(1) is not unconstitutional as applied to Mandujano. Therefore, we AFFIRM the district court's dismissal of Mandujano's § 2255 petition.

---

[9] *Id.* at 1631.

[10] The statute makes it unlawful for a person who has been convicted of a felony "to ship or transport *in interstate or foreign commerce*, or possess *in or affecting commerce,* any firearm or ammunition; or to receive any firearm or ammunition which *has been shipped or transported in interstate or foreign commerce*". 18 U.S.C. §922(g)(1).

[11] *United States v. Fitzhugh,* 984 F.2d 143, 146 (5th Cir.) *cert. denied,* 114 S. Ct. 259 (1993).

[12] *Id.* at 146.