**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-60468

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DONNIE HOWARD MCPHAIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

July 31, 1997


ON REQUEST FOR REHEARING EN BANC


Before REAVLEY, KING, and BARKSDALE, Circuit Judges.

PER CURIAM:


A member of the court in active service having requested a poll on the reconsideration of this cause en banc, and a majority of the judges in active service not having voted in favor, rehearing en banc is DENIED.


JERRY E. SMITH, Circuit Judge, dissenting:

I respectfully dissent from the court's refusal to hear this case en banc. If the panel opinion is to be taken as binding law in this circuit, it stands as the first decision of this court to hold that a habeas corpus petitioner may successfully raise, on appeal, an issue he did not bring first to the attention of the federal habeas district court. That is a remarkable proposition that should be welcome news to habeas petitioners in this circuit and anathema to the United States and to the three states in this circuit. If we are to install so startling a rule, we should do so only after full en banc consideration.

## I.

## A.

Fortunately, this opinion is not binding on future panels of this court, as it contravenes our caselaw. We have long abided by the rule that one panel may not overrule another, even when the later panel disagrees with the earlier one's holding.[1] This is necessary, for "[a] 'purpose of institutional orderliness' is served by 'our insistence that, in the absence of intervening Supreme Court precedent, one panel cannot overturn another panel, regardless of how wrong the earlier panel decision may seem to

---

[1] *See, e.g., Lowrey v. Texas A & M Univ. Sys.*, No. 96-20157, 1997 WL 370846, at *3 (5th Cir. July 7, 1997); *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1192-93 (5th Cir. Unit A May 1981) (Reavley, J.); *United States v. Arce*, No. 96-20983, 1997 WL 403023, at *2 (5th Cir. July 18, 1997) (King, J.); *Kiser v. Garrett*, 67 F.3d 1166, 1173 (5th Cir. 1995) (Barksdale, J.).

be.'"[2]  So, when a later panel decision contradicts an earlier one, the earlier one remains binding circuit law.[3]

The point is that a panel cannot overrule, nullify, or implicitly disavow a prior panel's interpretation of circuit law, even if it appears wildly flawed.  The proper mechanism for such change is action by the en banc court, the Supreme Court, or, in an appropriate case, Congress.  When a panel, presumably through inadvertence,[4] nonetheless fails to follow prior decisions, we have customarily corrected the error through en banc review,[5] to avoid inconsistencies in our circuit law.  Today, the court has refused to correct an obvious departure from this rule.

## B.

McPhail raises a sufficiency challenge to his "use or carry" conviction for the first time on appeal of the district court's denial of collateral relief.  Citing only a civil age discrimination case, the panel holds that we may "review the [district]

---

[2] *Grabowski v. Jackson County Pub. Defenders Office*, 47 F.3d 1386, 1399 (5th Cir.) (Smith, J., concurring in part and dissenting in part) (quoting *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 425-26 (5th Cir. 1987)), *vacated for reh'g en banc*, 47 F.3d 1403 (5th Cir. 1995), *district court judgment aff'd*, 79 F.3d 478 (5th Cir. 1996) (en banc).

[3] *See, e.g., Texaco v. Louisiana Land & Exploration Co.*, 995 F.2d 43, 44 (5th Cir. 1993); *Hernandez*, 643 F.2d at 1192-93.

[4] I do not mean to suggest or imply that the panel consciously violated our rule of orderliness or intentionally set out to undermine the holdings of prior panels.  To the contrary, I am confident that the panel only intended to reach a just result in this case and, at most, may have overlooked the impact of its ruling on our jurisprudence.

[5] *See, e.g., Marts v. Hines*, No. 94-30513, 1997 WL 405903 (5th Cir. July 18, 1997) (en banc); *Grabowski*, 79 F.3d 478.

court's denial of his § 2255 petition for plain error."[6]

A casual reader might proceed through the rest of the opinion unencumbered by the knowledge that this flatly contradicts a great many of our prior cases, for the panel mentions none of them.[7] The most recent such case is *United States v. Rocha*, 109 F.3d 225 (5th Cir. 1997), which rejected a claim indistinguishable from McPhail's. There, we held specifically that we lack the power to effect the sort of review engaged in here:

> For the first time on appeal, Rocha raises a claim that the evidence at trial was insufficient to support his 18 U.S.C. § 924(c) "use or carry" conviction in light of the reinterpretation of "use" in *Bailey*. His failure to raise this highly fact-dependent claim in the district court prevents us from considering it for the first time

---

[6] *United States v. McPhail*, 112 F.3d 197, 199 (5th Cir. 1997) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1424 (5th Cir. 1996) (en banc)).

[7] *E.g., United States v. Samuels*, 59 F.3d 526, 529-30 (5th Cir. 1995) ("Short of a miscarriage of justice, we may not consider an issue raised for the first time on appeal of a section 2255 motion."); *United States v. Madkins*, 14 F.3d 277, 279 (5th Cir. 1994) ("[T]his assignment of error is being raised for the first time on appeal; it was not presented to the district court. We may not consider it."); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (per curiam) ("Since Pineda did not properly raise his sixth amendment claim before the district court, this court will not consider it."); *United States v. Cates*, 952 F.2d 149, 152 (5th Cir. 1992) ("Cates did not raise the Rule 35 contention before the district court in his § 2255 motion. We will not consider for the first time on appeal an argument not presented to the district court."); *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (per curiam) ("If the defendant in habeas proceedings did not raise his claims before the district court, we do not consider them on appeal."); *United States v. Houston*, 745 F.2d 333, 334 (5th Cir. 1984) (per curiam) ("This Court will not consider a § 2255 claim for the first time on appeal."); *United States v. McKnight*, 693 F.2d 476, 476 (5th Cir. 1982) (per curiam) ("It is well settled that an appellate court will not consider a § 2255 claim for the first time on appeal."); *Baeza v. United States*, 543 F.2d 572, 574 (5th Cir. 1976) (per curiam) ("Appellant's conviction with respect to the alleged invalidity of his sentence was not before the District Court, and hence *may not* be asserted for the first time on appeal.") (emphasis added); *McGee v. United States Dist. Ct.*, 489 F.2d 703, 704 (5th Cir. 1973) (per curiam) ("These contentions, several of which were raised and rejected in the prior habeas proceedings, *can, in no event, be reviewed* in this court since none of them were presented in the motion before the court below.") (emphasis added); *Dryden v. United States*, 403 F.2d 1008, 1009 (5th Cir. 1968) (per curiam) ("It is hornbook law that matters not presented in a motion under 28 U.S.C.A. § 2255 to the District Court *may not* be considered on appeal.") (emphasis added); *Hornbrook v. United States*, 216 F.2d 112, 113 (5th Cir. 1954) (per curiam) ("Matters not presented in the motion to the trial court *may not* be considered on this appeal . . . .") (emphasis added).

on appeal. Rocha, of course, could hardly be expected to have raised a *Bailey* claim before *Bailey* was decided, but his proper course of action is to file a successive § 2255 motion, not to raise the issue for the first time here.

*Id.* at 229 (footnotes omitted). Although the panel recognizes the existence of *Rocha* by citing it for a different proposition, *see McPhail*, 112 F.3d at 199, it makes no effort to harmonize its holding with this and the earlier cases. In fact, such reconciliation is not possible.


II.

A.

I have demonstrated how it is that, under our rule of orderliness, future panels should follow *Rocha* and the cases that preceded it, rather than the instant panel opinion. Unfortunately, however, the panel opinion remains "on the books," as the court has declined to rehear it en banc. Accordingly, I will explain how it is that the panel erred on the merits of the issue.

The error does not end with the incorrect statement that we should review here for plain error. Assuming the role of a fact-finder, the panel weighs the evidence to reach the by-now unsurprising conclusion that it was indeed insufficient. No effort is made, however, to explain how the district court committed plain error in failing *sua sponte* to grant relief on a ground that was not presented and, at the time, did not exist.[8]

---

[8] I say this mindful of *Johnson v. United States*, 117 S. Ct. 1544, 1549 (1997), holding that plain error must be measured at the time of appeal. *Johnson*
(continued...)

5

Plain error requires (1) an error; (2) plainness; (3) a prejudicial effect on substantial rights; and (4) a discretionary judgment that there has been a serious compromise of the fairness, integrity, or public reputation of judicial proceedings.[9]  It is difficult to understand the panel's apparent conclusion that failure to grant relief on an unpresented ground constitutes error, much less an error that offends the fairness and integrity of our judicial system.[10]

One might also wonder how it is that such an error can be "plain," given that *Bailey*'s retroactive application to pending habeas petitions was an open question until now, as the panel acknowledged.[11]  One might even wonder how it is that all of this

---

(...continued)
involved a district court's failure to submit the element of materiality to the jury in a prosecution for perjury.  *Id.* at 1547.  It is an entirely different situation from that in which a habeas petitioner fails to raise a ground for collateral relief.

In a criminal trial, the court has a duty correctly to instruct the jury regardless of what the parties propose.  *See, e.g., United States v. Gray*, 105 F.3d 956, 967 (5th Cir.), *cert. denied*, 117 S. Ct. 1326 (1997).  In habeas proceedings, by contrast, the burden of raising grounds for relief falls exclusively on the petitioner.  *See* 28 U.S.C. § 2255; RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 2(b) (stating that a § 2255 petition must "state the relief requested" and "specify all the grounds for" it); *cf.* BENJAMIN N. CARDOZO, THE NATURE OF THE JUDICIAL PROCESS 141 (1921) ("[A judge] is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or of goodness.").

[9] *United States v. Olano*, 507 U.S. 725, 731-36 (1993); *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).

[10] I assume the panel did not intend that the district courts of this circuit are now under a duty to scour the record for avenues of relief that have not been pled.

[11] *See McPhail*, 112 F.3d at 199 ("Whether *Bailey* applies retroactively to cases pending on collateral review has been questioned in this circuit.") (citing *United States v. Andrade*, 83 F.3d 729, 730 n.1 (5th Cir. 1996)).

can have a prejudicial effect on McPhail's substantial rights, when he of course continues to have the option to file a successive petition.  The panel explains none of these things.

## B.

As we stated in *Rocha*, 109 F.3d at 229, a successive petition is the proper remedy for a situation such as McPhail's. Application of the plain error standard to his claim thwarts both the scheme Congress has designed for handling these petitions and the Supreme Court's caselaw interpreting it.[12]  If habeas petitioners can successfully raise new claims for the first time on appeal, we may safely discard the Supreme Court's well-developed "cause and prejudice" jurisprudence, as well as our caselaw holding that petitioners may not use FED. R. CIV. P. 60(b) to raise matters that were not brought up prior to judgment.[13]

## III.

I now address the impact of the decision.  The most direct

---

[12] *See* 28 U.S.C. §§ 2244, 2255; RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 2(b) (stating that a § 2255 petitioner must "specify all the grounds for relief"); *United States v. Frady*, 456 U.S. 152, 164-66 (1982) (holding that the plain error standard should not be applied to correct trial errors on collateral review).

[13] *See, e.g., McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991); *Frady*, 456 U.S. at 167-68; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir.) ("[A] motion raising new claims after entry of a final judgment is properly viewed as a second federal petition."), *cert. denied*, 116 S. Ct. 1284 (1996); *Briddle v. Scott*, 63 F.3d 364, 376 (5th Cir.), *cert. denied*, 116 S. Ct. 687 (1995); *Williams v. Whitley*, 994 F.2d 226, 230-31 & n.2 (5th Cir. 1993).

beneficiary is Mr. McPhail, who, in a sense, has just won the prison lottery, for the court has happened upon his undeveloped claim and has awarded him relief long denied to habeas petitioners. But the fate of other, future habeas petitioners also will depend on which judges happen to be assigned to a circuit panel. Those panels containing a majority of judges who recognize *McPhail* as binding will be more willing to entertain new issues on appeal; panels dominated by judges who recognize *Rocha* and other prior cases as controlling will continue to require that habeas issues be raised first in the federal habeas district court.

This can only lend uncertainty and unpredictability to the law. How is the hapless litigant or attorney to know whether a given future panel will follow *McPhail* rather than *Rocha*? It would have been better for the court to have resolved this inevitable conflict now, en banc, but its failure to do so leaves me only to speculate on the consequences of that inaction.

The United States appears to have been asleep at the switch. Although it cannot have been expected to anticipate the panel's surprising holding, it has not petitioned for panel rehearing or rehearing en banc, after receiving the opinion. I speculate that, given the panel's one-sentence treatment of the matter, it could easily have been missed.

The United States will have to suffer the consequences of this new circuit law when confronted with a panel majority that adheres to *McPhail* as binding circuit law. But the greater burden, because of the caseload, falls on the states in this circuit, for the rule

8

of *McPhail* logically applies to habeas petitions under 28 U.S.C. § 2254 as well as to those brought under § 2255. The state prosecuting authorities have had no opportunity, of course, to participate in these proceedings, but surely they, as well as the federal district courts and this court, will feel the effect of the increased litigation that the panel's decision will spawn.

All of this is to say that, if circuit law was to be changed, it should have been done by the en banc court. The en banc court could have reconciled past precedent, one way or the other, so that future panels would speak with one voice, lending fairness and predictability to the appellate process. The court's failure to fix the problem now only means that it will have to do so later. Accordingly, I respectfully dissent from the denial of rehearing en banc.