**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-30029
Summary Calendar

MANJIT S KANG,

Plaintiff-Appellant,

VERSUS

STATE OF LOUISIANA, LSU DEPARTMENT OF AGRONOMY; BOARD OF
SUPERVISORS OF LOUISIANA STATE UNIVERSITY,

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana, Baton Rouge
USDC No. 98-CV-700-B

August 2, 2000

Before SMITH, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Manjit S. Kang appeals a summary judgment for defendants in his employment discrimination and retaliation suit in which he invoked the protections of 42 U.S.C. § 2000e. We affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Manjit, a Louisiana State University ("LSU") agronomy professor, brought suit alleging that he was discriminated against on the basis of his national origin (East Indian) when he was not selected as the Department Head for the Department of Agronomy. The district court adopted the report and recommendation of the magistrate judge, which concluded that Kang established a prima facie case of discrimination and that LSU's articulated nondiscriminatory reason for its decision -- that is, other applicants were better qualified to perform the administrative duties required in the position -- was not pretextual. Kang presented no evidence that (1) the reason was false or (2) discrimination was the real reason for the employment action. *See Walton v. Bisco Industries, Inc.*, 119 F.3d 386, 370 (5th Cir. 1997). After reviewing the record, we agree that the evidence does not support the conclusion that LSU's articulated reason for selecting a different candidate for the position was pretextual. *See id.*

The district court also concluded that the conduct Kang characterizes as retaliatory does not constitute adverse employment action under the anti-retaliation provision of federal employment law pursuant to this court's opinion in *Mattern v. Eastman Kodak Co.*, 104 F.3d 702 (5th Cir. 1997). Kang does not challenge this conclusion on appeal, but rather argues that *Mattern* was wrongly decided. This circuit has a longstanding rule that one panel may

2

not overrule another panel, even if it disagrees with the earlier panel's holding. *See United States v. McPhail*, 119 F.3d 326, 327 (5th Cir. 1997). We are therefore bound by *Mattern*.

For the foregoing reasons, we affirm the district court's grant of summary judgment for defendants.

AFFIRMED.

3