# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RUBEN OMAR GONZALEZ CONTRERAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1336-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ruben Omar Gonzalez Contreras appeals his guilty-plea conviction for violating 18 U.S.C. § 2422(b) by using a facility of interstate commerce to knowingly attempt to entice a minor to engage in criminal sexual activity. Contreras asserts: the court lacked subject-matter jurisdiction; the evidence was insufficient to support his guilty plea; and he was not properly admonished under Federal Rule of Criminal Procedure 11.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-41379

Although Contreras claims a lack of subject-matter jurisdiction, he effectively claims venue was improper because the offense was not committed within the southern district; he maintains it was within the western district. Fed. R. Crim. P. 18 (setting forth general venue rule "the government must prosecute an offense in a district where the offense was committed"); 18 U.S.C. § 3232. But, "[v]enue is a mere personal and technical right which may be waived". *Baeza v. United States*, 543 F.2d 572, 573 (5th Cir. 1976). "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (internal quotation marks and citation omitted). Accordingly, because Contreras did not object to venue in district court, the issue has been waived. *Id.* (Nonetheless, venue was proper because Contreras' 18 U.S.C. § 2422(b) violation constitutes a continuous offense such that venue lies where any act occurred in continuation of the crime. 18 U.S.C. § 3237(a); *United States v. Rounds*, 749 F.3d 326, 335 (5th Cir. 2014).)

Because Contreras did not raise the remaining two issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Contreras must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

There was no plain error with respect to the sufficiency of the factual basis supporting Contreras' guilty plea. *Broussard*, 669 F.3d at 546. Because he admitted at rearraignment he travelled to a pre-arranged location to meet with an undercover officer posing as a minor's guardian for the purpose of

No. 16-41379

engaging in illicit sexual activity with the minor, the factual basis was sufficient to support his conviction for the attempted 18 U.S.C. § 2422(b) offense. *United States v. Howard*, 766 F.3d 414, 420-21 (5th Cir. 2014).

Finally, there were no plain errors arising from Contreras' admonishments regarding the nature of the charge and his mandatory minimum penalty. Fed. R. Crim. P. 11(b)(1)(G) & (I). As he acknowledges, the magistrate judge read the indictment to him and informed him he faced a minimum prison sentence of ten years. Contreras confirmed he understood both the accusation against him, and the statutory penalties he was facing. Even assuming these admonishments were clearly insufficient, Contreras has nevertheless failed to show any effect on his substantial rights. *Broussard*, 669 F.3d at 546. Along that line, he has failed to allege, much less to establish, there is a reasonable probability he would not have pleaded guilty but for the alleged Rule 11 errors. *Id.*

AFFIRMED.