[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12182

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICARDO DAVID SALAZAR-MARCANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:21-cr-10019-JEM-3

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Ricardo David Salazar-Marcano pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503(a)(1), 70506(b).  He now appeals, arguing that venue was not proper in the Southern District of Florida and that the district court erred in denying his motion to dismiss the indictment.  After review, we affirm.

## I.    Background

The United States Coast Guard apprehended Salazar-Marcano, along with two other individuals, on a go-fast vessel carrying cocaine in international waters.  Upon being detained, Salazar-Marcano was placed on a coast guard cutter which proceeded into the inner harbor of San Juan, Puerto Rico.  He was then transferred (without going ashore) to another vessel and eventually arrived at a port in the Southern District of Florida.  Thereafter, Salazar-Marcano was indicted in the Southern District of Florida on two counts: (1) conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States; and (2) possession with intent

to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States.

Salazar-Marcano moved to dismiss the indictment, arguing that venue was inappropriate in the Southern District of Florida. He maintained that, under 21 U.S.C. § 955a(f),[1] venue was appropriate in the first port of entry in the United States that he entered following his detention, which was San Juan, Puerto Rico. The district court denied the motion to dismiss, concluding that venue was proper in the Southern District of Florida, under § 70504(b)(2) of the MDLEA.[2]

---

[1] Section 955a is a statute in an older version of what is now known as the MDLEA. As relevant to this appeal, it provided that "it is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States on the high seas, to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance." 21 U.S.C. § 955a(a) (1980). Subsection (f) further provided that "[a]ny person who violates this section shall be tried in the United States district court at the point of entry where that person enters the United States, or in the United States District Court for the District of Columbia." *Id.* § 955a(f). In 1986, Congress struck virtually the entire existing act, and then reenacted an expanded version entitled "the Maritime Drug Law Enforcement Act," which was recodified in Title 46. *See United States v. Ahumedo-Avendano*, 872 F.2d 367, 372 n.5 (11th Cir. 1989) (citing The Coast Guard Authorization Act, Pub. L. No. 99-640, § 17, 100 Stat. 3552 (1986)).

[2] The MDLEA provides that a person violating 46 U.S.C. §§ 70503 or 70508 "may be tried in any district" "if the offense was begun or committed upon the high seas." 46 U.S.C. § 70504(b)(2).

Thereafter, Salazar-Marcano pleaded guilty, pursuant to a written plea agreement, to Count 1 of the indictment. The plea agreement did not contain an appeal waiver, nor did it reserve his right to appeal the venue ruling. The district court sentenced Salazar-Marcano to 84 months' imprisonment, followed by two years' supervised release. Additionally, at the sentencing hearing, Salazar-Marcano's previously filed motion to dismiss based on improper venue was discussed, and at the end of the sentencing hearing, his counsel noted that he "preserve[d] all motions and issues." The district court agreed, stating that "[a]ll of them, all motions filed by all of the defendants shall be preserved." The government did not object. Salazar-Marcano timely appealed.

## II.    Discussion

Salazar-Marcano argues that, under 21 U.S.C. § 955a(f), San Juan was the proper venue for his case because it was his first point of entry into the United States and that the district court erred in denying his motion to dismiss the indictment. In response, the government argues that (1) Salazar-Marcano waived this argument by entering an unconditional guilty plea, and (2) the argument is meritless due to the plain, controlling language of 46 U.S.C. § 70504(b).[3]

"A voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Patti*,

---

[3] Salazar-Marcano did not file a reply brief.

22-12182              Opinion of the Court                    5

337 F.3d 1317, 1320 (11th Cir. 2003). Generally, a defendant who elects to plead guilty and who wishes to preserve a non-jurisdictional claim for appeal must enter a conditional guilty plea in writing, with the consent of the district court and the government. Fed. R. Crim. P. 11(a)(2). Venue is non-jurisdictional and can be waived. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167–68 (1939); *Baeza v. United States*, 543 F.2d 572, 573 (5th Cir. 1976) ("Venue is a mere personal and technical right which may be waived.").[4]

Here, it is undisputed that Salazar-Marcano's plea agreement did not preserve his right to appeal the denial of his motion to dismiss based on improper venue, and he did not request to reserve that right during the plea colloquy. Although he expressed his desire at sentencing to preserve all motions for appeal and the government did not object, that statement did not convert his unconditional guilty plea into a conditional guilty plea. *See United States v. Betancourth*, 554 F.3d 1329, 1331–32 (11th Cir. 2009) (holding that, although the defendant's attorney stated the defendant's desire to preserve an issue for appeal, "that did not convert [the defendant's] guilty plea into a conditional plea" because "[a] conditional plea must be in writing and must be

---

[4] We are bound by decisions of the former Fifth Circuit issued prior to the close of business on September 20, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

consented to by the court and by the government" (quotations omitted)).  Thus, Salazar-Marcano's venue challenge is waived.

Nevertheless, even assuming, arguendo, that the issue is not waived, it fails on the merits.  Under the current version of the MDLEA, which applies here, "if the offense was begun or committed upon the high seas, or elsewhere outside the jurisdiction of any particular State or district, [the defendant] may be tried in any district."  46 U.S.C. § 70504(b)(2).  Accordingly, venue was appropriate in the Southern District of Florida.

**AFFIRMED.**