# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2024

Lyle W. Cayce
Clerk

No. 23-40575
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ILDER DE JESUS QUICENO MONTOYA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-211-2

Before JONES, GRAVES, and WILSON, *Circuit Judges*.

PER CURIAM:*

Pursuant to a written agreement, Ilder De Jesus Quiceno Montoya pleaded guilty to conspiracy to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. § 963.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

He was sentenced to 168 months of imprisonment, followed by five years of supervised release.

Now, for the first time, Quiceno Montoya challenges the validity of his guilty plea, arguing that his plea was not knowing and voluntary because the magistrate judge failed to explain the laws governing venue and to ensure that Quiceno Montoya understood his waiver of proper venue. The Government contends that the appeal waiver in Quiceno Montoya's plea agreement bars this case and that, in any event, Quiceno Montoya cannot demonstrate that the district court plainly erred. We pretermit the enforcement of the appeal waiver because, even if his appeal is not barred, Quiceno Montoya's arguments lack merit. *See United States v. Smith*, 528 F.3d 423, 424–25 (5th Cir. 2008); *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006).

We review Quiceno Montoya's challenge for plain error. *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002). To prevail, he must show (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration accepted) (internal quotation marks and citation omitted).

Quiceno Montoya has not demonstrated that the validity of his plea was affected by his lack of understanding of the venue laws and his waiver of any challenge to venue. He fails to show any clear or obvious error given that Federal Rule of Criminal Procedure 11 does not expressly require a court taking a guilty plea to admonish the defendant regarding venue. Moreover, "[v]enue is a mere personal and technical right which may be waived." *Baeza v. United States*, 543 F.2d 572, 573 (5th Cir. 1976); *see also United States*

No. 23-40575

*v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002).  At rearraignment, Quiceno Montoya affirmed that he discussed venue laws with his attorney, further acknowledged that venue was proper in the Eastern District of Texas, and agreed to waive any challenge to venue.  Such "[s]olemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Quiceno Montoya fails to show clear or obvious error.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.