United States Court of Appeals,

Fifth Circuit.

No. 94-30460

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Antonio Christian SAMUELS, Defendant-Appellant.

July 28, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before WISDOM, JOLLY and JONES, Circuit Judges.

WISDOM, Circuit Judge.

Antonio Christian Samuels was convicted on numerous charges for his role in the organization and implementation of a conspiracy to import cocaine and crack into the United States. After his conviction was affirmed on appeal, Samuels filed a motion to vacate his sentence under 28 U.S.C. section 2255. Samuels alleged that his sentence was based on an erroneous determination that the substance he smuggled into the United States was crack. The district court dismissed his motion. We AFFIRM.

I.

In April 1991, Samuels was charged along with other defendants by an 11 count indictment with various violations of the Federal Controlled Substances Act. Samuels was charged with conspiracy to import and the importation of 4.3 kilograms of crack. Samuels was also charged with causing another to import 4.3 kilograms of crack. In addition, the defendant was charged with three counts of causing another to import 1.8 to 2.3 kilograms of cocaine and three counts of importing 1.8 to 2.3 kilograms of cocaine. Finally, Samuels was charged with attempting to influence the testimony of a former co-conspirator and government witness, Nathaniel Starnes.

A jury found Samuels guilty on all counts. On March 20, 1992, he was sentenced to 360 months for his own acts, 240 months for the criminal acts he solicited, and 120 months on the charge

of attempting to influence the testimony of a witness. All sentences are to run concurrently.

Samuels appealed and alleged several errors. First, he argued that the district court should have granted his motion for a mistrial based on a violation of *Doyle v. Ohio*.[1] Also, he alleged that the evidence was insufficient to support the obstruction of justice charge. Finally, the defendant argued that the district court erred when it denied the defendant's motions to suppress evidence and for a new trial. This Court found no error and affirmed the conviction on direct appeal.[2]

Samuels then filed this section 2255 motion, alleging three errors. First, the defendant contended that he suffered ineffective assistance of counsel, both at trial and on appeal. Second, Samuels argued that prosecutorial misconduct prejudiced his case. Finally, the defendant alleged that his sentence was based on false information in the presentence report (PSI). Specifically, Samuels alleges that the substance he and his co-conspirators smuggled into the United States was not crack but cocaine base. As such, the defendant argues that he should not have been sentenced under the Sentencing Guidelines dealing with crack offenses.[3] The PSI reported that the substance imported by the defendant was crack based on expert testimony from an agent of the Drug Enforcement Agency (DEA) who tested the drugs.

The district court dismissed the defendant's section 2255 motion without a hearing. The district court set out its reasons, however, in a detailed order which concluded that none of the defendant's allegations of error warranted relief. The defendant's section 2255 petition was dismissed. The defendant moved for reconsideration but after the district court determined that there was no

---

[1]426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). This case stands for the principle that an accused's silence after receiving *Miranda* warnings cannot be used against the accused at trial.

[2]In a short per curiam opinion this Court held:

> We have carefully reviewed the record and briefs, and have heard the argument of counsel, and do not find that the district court committed any error. In each instance, the district court applied the correct legal standard and considered the proper facts. Accordingly, we AFFIRM.

> No. 92-3243, unpublished opinion circulated February 16, 1993.

[3]The United States Sentencing Guidelines punish drug offenses more severely when they involve crack because crack is viewed as a substantially more dangerous drug than powder cocaine. *See, United States v. Cherry,* 50 F.3d 338 (5th Cir.1995).

new information, this request was denied. The defendant then appealed the dismissal of his section 2255 petition to this Court.

On appeal, the defendant presses several arguments, at least one of which was not raised in his original section 2255 petition. First, the defendant continues to allege that he lacked effective assistance of counsel in violation of the Sixth Amendment because his counsel did not object to the defendant being sentenced under the Guidelines dealing with crack offenses. Also, Samuels argues that the district court abused its discretion when it decided his section 2255 motion without benefit of a hearing.

Samuels also contends that he was denied a meaningful opportunity to be heard at the sentencing hearing because no interpreter was made available to translate the PSI and the proceedings into Spanish.[4] If the defendant did have access to a translator, he argues that he would have offered

---

[4]At the sentencing hearing, the judge addressed the defendant and his attorney, Mr. DeSalvo:

> COURT: All right. Has the defendant received a copy of the presentence investigation report?
>
> DESALVO: He has, your Honor.
>
> COURT: Have you had the opportunity to read it?
>
> DESALVO: He has gone into it, and it has been explained to him.
>
> COURT: What?
>
> DESALVO: Yes, he has, and it has been explained to him.
>
> COURT: Have you had an opportunity to read it? He has to answer.
>
> SAMUELS: Yes, sir.
>
> COURT: I understand that the Government and the defendant have both indicated they have no objection to the report. Is my understanding correct?
>
> DESALVO: That's correct, your Honor.
>
> BRAUD: That is correct, your Honor.
>
> COURT: Thus, then it is appropriate for me to state that there are no errors, corrections, alterations, additions or objections that the Government and/or the defendant wishes to make to it.
>
> DESALVO: No, Your Honor.

his testimony regarding the true nature of the drugs he smuggled. Samuels also contends that the district court committed error when it failed to consider all the evidence relevant to his sentence. According to the defendant, the evidence that was considered in determining his sentence did not have sufficient indicia of reliability. Finally, the defendant argues that the district court erroneously failed to consider an amendment to the Sentencing Guidelines regarding the distinction between crack and cocaine base. We consider each of the defendant's arguments in turn.

## II.

Challenging a conviction and sentence with a section 2255 motion is "fundamentally different from a direct appeal".[5] "After conviction and exhaustion or waiver of any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted.' "[6] Thus, on collateral attack, a defendant is limited to alleging errors of a "constitutional or jurisdictional magnitude".[7] Also, a defendant is required to show both cause for the procedural default in not raising the issue on direct appeal and some form of actual prejudice that he suffered as a result of the error.[8] Non-constitutional errors may not be raised in a section 2255 petition unless the defendant demonstrates that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice".[9] We review the district court's findings of fact in a section

---

BRAUD: That is correct, Your Honor.

COURT: There being no objection to the factual statement contained in the presentence investigation report (PSI), the Court adopts these statements as its findings of fact....

[5]*United States v. Drobny,* 955 F.2d 990, 994 (5th Cir.1992).

[6]*United States v. Shaid,* 937 F.2d 228, 231-232 (5th Cir.1991), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (en banc decision) (quoting *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

[7]*Id.* at 232.

[8]*Shaid,* 937 F.2d at 232-33; *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

[9]*Pierce,* 959 F.2d at 1301.

2255 motion for clear error.[10]

A. Ineffective assistance of counsel

Samuels argues that his counsel at trial was ineffective because he failed to object to his enhanced sentence at the sentencing hearing and on appeal. The defendant argues that his attorney should have objected to the PSI's finding that he smuggled crack into the United States as opposed to powder cocaine or cocaine base.

We cannot accept this argument. First, the defendant did not raise the issue of ineffective assistance of counsel on direct appeal and neither did he challenge his sentence. The defendant himself was asked at the sentencing hearing if he had read the PSI and had any objections to the findings of fact it contained. The defendant made no objection. Also, before trial, the defendant's counsel received a scientific report from the DEA that the substance had been tested and was identified as crack. This report, and the expert testimony by the DEA agent, undoubtedly caused his counsel to limit his argument at the sentencing hearing to a plea for leniency.

Proving an allegation of ineffective assistance of counsel requires a very strong showing by the defendant. In these circumstances, we cannot say that the defendant's counsel acted in a professionally unreasonable manner and that he prejudiced the defense.[11] There is a strong presumption that the performance of counsel "falls within the wide range of reasonable professional assistance". Here, the defendant has failed to show that his counsel acted unreasonably or that his failures adversely affected his case. We hold that the district court did not err when it rejected the defendant's allegation that his counsel was ineffective.

B. Sentencing

---

[10]*United States v. Mimms,* 43 F.3d 217, 220 (5th Cir.1995); *United States v. Briggs,* 965 F.2d 10, 12 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 1016, 122 L.Ed.2d 163 (1993).

[11]*Strickland v. Washington,* 466 U.S. 668, 687-89, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984). In *Strickland,* the Supreme Court created a two-prong test for determining whether a counsel's performance was ineffective under the Sixth Amendment. First, the defendant must show that his counsel's performance "fell below an objective standard of reasonableness". *Id.* at 688, 104 S.Ct. at 2064. Also, the defendant must show that his defense was prejudiced and that "but for counsel's unprofessional errors, the result of the proceeding would have been different". *Id.* at 694, 104 S.Ct. at 2068.

The defendant makes three challenges to his sentence. First, he argues that the evidence the sentencing court considered in determining his sentence lacked sufficient indicia of reliability to support his sentence. Second, he alleges that he was denied a meaningful opportunity to be heard at the sentencing hearing because the sentencing court did not provide an interpreter. Finally, Samuels contends that the district court, in denying his section 2255 motion, failed to consider an amendment to the Sentencing Guidelines regarding the distinction between cocaine base and crack.

Of these three arguments, we need only consider his allegation that the evidence supporting his sentence lacked sufficient indicia of reliability. Samuels's argument regarding the amendment to the Sentencing Guidelines is not of constitutional or jurisdictional magnitude. Thus, it can only be considered here if it could not have been raised on appeal and if it would result in a complete miscarriage of justice. The amendment became effective on November 1, 1993 and Samuels's conviction was affirmed by this Court on February 16, 1993. Thus, Samuels was unable to raise this issue on direct appeal. The failure to consider this amendment, however, could not result in a miscarriage of justice because, since the amendment was not a clarifying amendment, it would not be given retroactive application.[12]

We also cannot address the defendant's argument regarding an interpreter. That issue was raised by the defendant only on this appeal. No allegation that an interpreter was necessary was made during his direct appeal or in his original section 2255 motion. Short of a miscarriage of justice, we may not consider an issue raised for the first time on appeal of a section 2255 motion.[13]

Finally, the defendant alleges that the evidence supporting his sentence lacks sufficient indicia of reliability as required by due process. Specifically, Samuels challenges the district court's finding that the substance Samuels and his co-conspirators smuggled into the United States was crack. This finding was adopted from the PSI after no objections were lodged by other side at the sentencing hearing. The PSI reported that the substance was crack based on the testimony of a DEA agent who

---

[12]United States Sentencing Guidelines § 1B1.10; *see also, United States v. Camacho,* 40 F.3d 349, 353-54 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1810, 131 L.Ed.2d 735.

[13]*United States v. Madkins,* 14 F.3d 277, 279 (5th Cir.1994); *United States v. Cates,* 952 F.2d 149, 152 (5th Cir.), *cert. denied,* 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992).

tested the material.

A sentencing court "may adopt facts contained in the PSI without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence."[14] Here, the factual finding that the substance seized was crack is supported by the testimony of the DEA agent. And, not only did the defendant present no rebuttal evidence, he failed to dispute the finding when given the opportunity at sentencing and on direct appeal. The sentencing court could rely on the findings in the PSI as long as "the information has some indicium of reliability".[15] Here, there is sufficient support for the finding and the sentencing court's decision to accept the facts detailed in the PSI was not error. Thus, we reject the defendant's argument and AFFIRM his sentence.

C. Hearing

Samuels contends that the district court should not have decided his section 2255 motion without a hearing. A hearing is not required under section 2255, however, if "the motion, files, and record of the case conclusively show that no relief is appropriate".[16] We review the district court's decision for abuse of discretion.[17] Since, after review, we agree that the defendant is not entitled to relief, the district court did not abuse its discretion when it decided Samuels' section 2255 motion without a hearing.

III.

We AFFIRM the district court's decision to dismiss the defendant's section 2255 motion.

---

[14]*United States v. Valencia,* 44 F.3d 269, 274 (5th Cir.1995).

[15]*Id.* at 274.

[16]*United States v. Santora,* 711 F.2d 41, 42 (5th Cir.1983); *see also, United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir.1992); *United States v. Hughes,* 635 F.2d 449, 451 (5th Cir.1981).

[17]*Bartholomew,* 974 F.2d at 41.