IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-41273
Conference Calendar

---

ELIAS RAYAS MEJIA,

Petitioner-Appellant,

versus

JONATHAN DOBRE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-298
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Elias Rayas Mejia, federal prisoner # 03737-017, challenges the district court's dismissal of his 28 U.S.C. § 2241 petition. Because Mejia was alleging errors that occurred at his trial or sentencing, he should have presented the claims in a 28 U.S.C. § 2255 motion. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). As Mejia did not allege that he may have been convicted of a nonexistent offense, he failed to show that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could present his claims in a 28 U.S.C. § 2241 petition through the "savings clause" of 28 U.S.C. § 2255. See Reyes-Requena v. United States, 243 F.3d 893, 903-04 (5th Cir. 2001).

Mejia asserts that dismissing his petition because he did not fall under the "savings clause" constitutes a violation of the Suspension Clause. The "savings clause" of 28 U.S.C. § 2255 does not violate the Suspension Clause. Id. at 901 n.19.

Mejia also argues for the first time on appeal that he has shown that he is actually innocent of the sentencing enhancement for being a leader or organizer pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). This court generally will not consider new arguments on appeal. See United States v. Samuels, 59 F.3d 526, 529-30 (5th Cir. 1995)(28 U.S.C. § 2255 case). Regardless, Apprendi does not apply to such claims. See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001). Mejia has failed to show that the district court erred in dismissing his 28 U.S.C. § 2241 petition. Consequently, the judgment of the district court is AFFIRMED.