**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-10265
(Summary Calendar)
_____

FLOYD GADSON,

Petitioner - Appellant,

versus

L. E. FLEMING, Warden,

Defendant - Appellee.

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 4:01-CV-82-A

November 29, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Floyd Gadson, federal prisoner # 09390-058, appeals the dismissal of his 28 U.S.C. § 2241

petition. He challenges his conviction and sentence for conspiracy to possess with intent to distribute

cocaine on several grounds.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Gadson has brought his claims under § 2241, a certificate of appealability is not required. *Wesson v. U.S. Penitentiary Beaumont, Tex.*, 305 F.3d 343, 246 (5th Cir. 2002). "In reviewing the denial of habeas relief, a district court's findings of fact are reviewed for clear error and issues of law are reviewed *de novo*." *Id*.

Gadson's § 2241 petition, which attacks his conviction and sentence in the Western District of North Carolina, was filed in the Northern District of Texas. "[Section] 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5t h Cir. 1997). As a general matter, only the sentencing court has jurisdiction to hear claims under § 2255. *Id*. Because Gadson was convicted and sentenced in North Carolina, the Texas district court lacked jurisdiction to construe his petition as a § 2255 motion. *Id.* ("Although a § 2241 petition attacking matters within the province of § 2255 should be construed as a § 2255 petition . . . a court without jurisdiction to hear a § 2255 petition can hardly be expected to do that.") (citation omitted).

Nevertheless, Gadson's petition may be considered under § 2255's savings clause if he can demonstrate that seeking § 2255 relief from the North Carolina district court would provide him with an inadequate or ineffective remedy. *Wesson*, 305 F.3d at 347. He must show that "(1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Id*. (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

Three of the issues raised by Gadson on appeal are actually a single claim that his sentence was in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Gadson argues that his sentence

exceeded the statutory maximum for the offense charged in the indictment, which did not allege a drug quantity. We have recently held that *Apprendi* is not retroactive and thus cannot serve as the basis for attacking a sentence in a § 2241 petition under § 2255's savings clause. *Wesson*, 305 F.3d at 347 ("[T]his court and all other circuit courts of appeals that have addressed this issue have held that *Apprendi* is not retroactive on collateral review of initial § 2255 motions. The analysis in these cases applies even more strongly to [petitioner's] case under § 2241.") (citations omitted).

Gadson does not contend that any retroactive Supreme Court decision permits him to bring his remaining claims)) insufficiency of the evidence and double jeopardy)) under the savings clause of § 2255. Moreover, these issues were not raised below and thus are not properly before us. *See United States v. Samuels*, 59 F.3d 526, 529-30 (5th Cir. 1995).

For the foregoing reasons, the district court's dismissal of Gadson's § 2241 petition is AFFIRMED.