United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41008
Summary Calendar

DAWOOD ASIM BROWN, SR

Petitioner - Appellant

v.

STEVE MORRIS, Warden

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-483
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Dawood Asim Brown, Sr., federal prisoner # 27018-177, appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging the execution of his federal sentence. Brown argues that the Bureau of Prisons (BOP) erroneously failed to give him credit toward his federal sentence for time he served on his state sentence even though the state judgement ordered that the state sentence was to run concurrently to his federal sentence. Because Brown received credit for the time he served in state prison toward his state sentence, the BOP was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

required by federal statute to give Brown credit for time spent in detention prior to the commencement of his federal sentence. See 18 U.S.C. § 3585(b).

Brown argues that the State of Texas erred in not transferring him to federal custody and designating the federal prison as the place for service of his state sentence in accord with Texas state law. Brown's state law claim is not a cognizable claim for the violation of "the laws or treaties of the United States," under § 2241. See § 2241(c)(3); Stringer v. Williams, 161 F.3d 259, 263 (5th Cir. 1998).

Brown argues that the BOP erred in denying his request for a nunc pro tunc designation that the state prison was the place for service of his federal sentence. The BOP's decision in Brown's administrative appeal indicates that the BOP considered Brown's request. However, there is no indication in the record that the BOP abused its wide discretion in declining to grant Brown's request for nunc pro tunc designation. See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990).

Brown argues that the rule of comity and the Full Faith and Credit Clause of the Constitution, U.S. Const. art. IV, § 1, require that the BOP give him credit toward his federal sentence for the time he served in state custody. The state court's judgment that Brown's state sentence should run concurrently with his federal sentence is not binding on the BOP. See Leal v. Tombone, 341 F.3d 427, 427-30 (5th Cir. 2003).

For the first time on appeal, Brown argues that the district court violated his Seventh Amendment rights by failing to honor the state court judgment. We will not consider new arguments on appeal. See United States v. Samuels, 59 F.3d 526, 529-30 (5th Cir. 1995).

Brown has failed to show that the BOP violated his federal rights. Therefore, he is not entitled to federal habeas relief under § 2241. Brown's motion for appointment of counsel is denied.

AFFIRMED; MOTION DENIED.