# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2010

No. 09-40018
Summary Calendar

Lyle W. Cayce
Clerk

HAROLD V DAVIS

Plaintiff-Appellant

v.

DOCTOR KEN KUYKENDALL;
CURTIS LAWSON; DAVID DIXON

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-500

Before KING, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Harold V. Davis, Texas prisoner # 1068730, appeals from a judgment dismissing his civil rights complaint after a trial and jury verdict in favor of the two remaining defendants. Davis asserted claims against Curtis Lawson, a correctional officer, as a result of a 2002 use of force incident, and against David Dixon, a sergeant, as a result of a 2003 use of force incident.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Davis maintains that the district court abused its discretion by denying his motions for appointment of counsel. The case concerned matters that happened to Davis personally and were within his knowledge. Moreover, his civil rights complaint essentially presented a use of excessive force claim against each defendant, and it did not present complex or novel legal questions. The record clearly demonstrates Davis's ability to present his case. As such, the district court did not abuse its discretion in denying Davis's motions for appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Next, Davis asserts that the district court abused its discretion by denying him "needed full discovery," including certain medical records and interviews needed to investigate his case. He claims that he intended to use the additional discovery for "impeachment" of the dismissal of his claim that he was denied medical care and to demonstrate a conspiracy and a deliberate indifference to a known risk of harm. Davis, however, fails to state how the additional medical records and interviews would have changed the outcome of his use of excessive force claims against Dixon and Lawson. Consequently, he has not shown any prejudice, and he therefore has not shown that the district court abused its discretion in its discovery rulings. *See Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990).

In addition, Davis asserts that the district court abused its discretion by denying him leave to amend his pleadings to add a failure to protect claim. He did not seek leave to amend his pleadings to add such a claim until the last day of trial and again in a post-judgment motion. His post-judgment motion also demonstrates that his proposed failure to protect claim involved individuals other than Dixon and Lawson. Under these circumstances, the district court did not abuse its discretion in denying the motions for leave to amend his pleadings. *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 268 (5th Cir. 2004).

Davis has failed to adequately brief any other issue. Although this court applies less stringent standards to parties proceeding pro se than to parties

represented by counsel and liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir. 1995). Rule 28(a)(9) requires that the brief contain an argument, with "contentions and the reason for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Davis's brief lists issues for appellate review other than the district court's denials of appointment of counsel, discovery, and leave to amend the pleadings, but he fails to provide record citations, legal authority, and a coherent argument for each issue. Therefore, he has abandoned these issues by failing to brief them adequately.

Davis also seeks appointment of counsel on appeal. However, he has not demonstrated exceptional circumstances or that appointment of counsel would substantially assist the resolution of this appeal. Accordingly, we deny his motion for appointment of counsel on appeal. *See Santana v. Chandler*, 961 F.2d 514, 515-16 (5th Cir. 1992).

The judgment of the district court is therefore AFFIRMED. The motion for appointment of counsel on appeal is DENIED.