# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ZANTANA BRAUHER, also known as Zantana Rae Brauher,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-999-6

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Zantana Brauher, federal prisoner # 28054-379, was convicted in 2013 of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, and she was sentenced below the guidelines range to a 96-month term of imprisonment and to a three-year period of supervised release.

Brauher filed motions under 28 U.S.C. § 2255 asserting that she should receive a minor role adjustment under Guidelines Amendments 782 and 794.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41597

The district court construed the motions under 18 U.S.C. § 3582(c)(2) and denied them.  Brauher gave timely notice of her appeal.  The district court determined that the appeal was not taken in good faith, and it denied Brauher's request for leave to proceed in forma pauperis (IFP) on appeal.  Brauher has applied in this court for leave to proceed IFP on appeal.

By moving this court for leave to proceed IFP, Brauher is challenging the district court's determination that her appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Brauher asserts that she is entitled to a minor role adjustment under Amendment 794.  Brauher does not contend that she is entitled to relief under § 3582(c)(2).  Her argument is that she should have been permitted to raise her sentencing issue in a § 2255 motion.  Technical Guidelines applications, however, are not of constitutional dimension and are not cognizable in a § 2255 proceeding.  *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *see also United States v. Samuels*, 59 F.3d 526, 529 (5th Cir. 1995).

Brauher contends that trial counsel rendered ineffective assistance in failing to "properly motion the court prior to her sentencing hearing" and that the trial court erred in "refusing to allow . . . counsel to move for the minor participant role to be applied to her sentence."  These contentions have not been considered because they are not directed to the trial court's reasons for its certification decision.  *See Baugh*, 117 F.3d at 202.

Because the appeal is frivolous, leave to proceed IFP is DENIED, and the appeal is DISMISSED.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.