IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 07-10352
Summary Calendar

NANETTE A CUAUHTLI

Plaintiff–Appellant

v.

CHASE HOME FINANCE LLC

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CV-00472

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Nanette A. Cuauhtli (Mrs. Cuauhtli) appeals a grant of summary judgment to Chase Home Finance LLC (CHF).  We affirm.

I

In 1999, Mrs. Cuauhtli's husband (Mr. Cuauhtli) signed a promissory note (Note) in the amount of $80,000, payable to the order of Chase Manhattan Mortgage Corporation (CMMC).  Mr. Cuauhtli simultaneously executed a deed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of trust encumbering the property at 7006 Port Phillip Drive, Arlington, Texas (Property). Mrs. Cuauhtli did not sign the Note or deed of trust. CHF is a successor by merger to CMMC and was assigned the Note and deed of trust. Mr. Cuauhtli became delinquent in making the required payments on the Note. In December, 2005 and January, 2006 CHF sent two letters informing Mr. Cuauhtli of his delinquency, his requirements to cure the delinquency, and notice that CHF might accelerate the loan and initiate foreclosure. Mr. Cuauhtli did not cure the default. CHF sent Mr. Cuauhtli a third letter on February 7, 2006 informing Mr. Cuauhtli that his loan had been forwarded to an attorney–trustee for immediate foreclosure proceedings. CHF's trustee sold the house at public auction on April 4, 2006.

Mrs. Cuauhtli brought this suit in Texas state court against CHF alleging wrongful foreclosure. CHF timely removed to federal court on the basis of diversity of citizenship. CHF moved for summary judgment. Finding no irregularities in the foreclosure sale, the district court granted CHF's motion. Mrs. Cuauhtli timely appealed.

## II

We review the grant of summary judgment de novo, applying the same standard as the district court.[1] Mrs. Cuauhtli's only claim below was for wrongful foreclosure under Texas law. On appeal, Mrs. Cuauhtli advances several theories that were never brought before the district court. She argues that CHF: waived its right to accelerate payment on the Note by entering into a forbearance agreement, breached its duty of good faith and fair dealing, engaged in deceptive trade practices, and committed fraud. But "[i]t is well

---

[1] See Warfield v. Byron, 436 F.3d 551, 557 (5th Cir. 2006) (citation omitted).

settled that we do not consider issues raised for the first time on appeal,"[2] so those issues are waived.

The only point of legal error that Mrs. Cuauhtli has preserved is her argument that she was entitled to the same notices of acceleration and foreclosure that Mr. Cuauhtli was, despite the fact that she was not a signatory to the Note or deed of trust, since she shared ownership of the Property under Texas community property law. But "[t]here is no requirement that personal notice be given to persons who were not parties to the deed of trust" in foreclosure sales.[3] The personal notice that must be given to debtors is not owed to residents of the property who are not personally liable for the debt.[4] Mrs. Cuauhtli was therefore not entitled to personal notice, and this assignment of error is without merit.

III

For these reasons, the order of the district court is AFFIRMED.

---

[2] Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 n.3 (5th Cir. 2007).

[3] Am. Sav. and Loan Ass'n of Houston v. Musick, 531 S.W.2d 581, 588 (Tex. 1976); see also Stanley v. CitiFinancial Mortgage Co., Inc., 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003).

[4] See Hausmann v. Texas Sav. & Loan Ass'n, 585 S.W.2d 796, 799-800 (Tex. Civ. App.—El Paso 1979).