IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-10637
Summary Calendar

GABRIEL EMILIO CUAUHTLI, also known as
Gabriel Emilio Cuauhtli Alarcon

Plaintiff-Appellant

v.

CHASE HOME FINANCE LLC

Defendant-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-205

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Appellant, Gabriel Emilio Cuauhtli Alarcon, appeals, pro se, the district court's grant of summary judgment in favor of Chase Home Finance, LLC. We AFFIRM.

Alarcon's complaint alleged fifteen causes of action, all of which arose out of Chase's alleged wrongful foreclosure of community property owned by Alarcon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his wife.  In a prior lawsuit, Alarcon's wife, Nanette Cuauhtli, brought claims against Chase over the same foreclosure.  Chase was granted summary judgment in that action, and this court affirmed.  See Cuauhtli v. Chase Home Fin. LLC, 252 F. App'x 690 (5th Cir. 2007).  The district court in this case held that, in light of the prior suit, Alarcon's claims were barred by res judicata.  We review the district court's decision de novo.  Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 399 (5th Cir. 2008).

"Federal law applies to the res judicata effect of a prior federal court judgment, and that law requires (1) identical parties, (2) jurisdiction for the prior judgment, (3) a final judgment on the merits, and (4) the same cause of action." Bradley v. Armstrong Rubber Co., 130 F.3d 168, 179 (5th Cir. 1997).  Because the record demonstrates plainly that the district court in the first suit had jurisdiction and reached a final judgment on the merits, we limit our discussion to the first and fourth requirements.

The district court correctly concluded that, although Alarcon and his wife are not identical parties, their relationship is sufficient for claim preclusion purposes.  The Supreme Court has articulated six exceptions to the identical party rule, one of which applies when preclusion can be justified based on the "substantive legal relationship" between the nonparties. Taylor v. Sturgell, 128 S. Ct. 2161, 2172 (2008).  Though "close family relationships are not sufficient by themselves to establish privity with the original suit's party, or to bind a nonparty to that suit by the judgment entered therein," more is present here. Freeman v. Lester Coggins Trucking, Inc., 771 F.2d 860, 863 (5th Cir. 1985).

More specifically, Alarcon asserts in the complaint that his wife had "a vested ownership interest in the property since it was community property."  See Tex. Fam. Code Ann. § 3.003(a) ("Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.").  Under Texas law, a "fiduciary duty exists between a husband and a wife regarding the

community property controlled by each spouse." Loaiza v. Loaiza, 130 S.W.3d 894, 900 (Tex. Ct. App. 2004). The district court held that this fiduciary relationship is the type of "substantive legal relationship" that satisfies the first res judicata requirement.

Alarcon's argument to the contrary is unpersuasive. He maintains that, because Chase argued in the prior lawsuit that Nanette Cuauhtli lacked standing to bring the suit, Chase may not now assert that Alarcon and his wife are in privity for purposes of res judicata. Alarcon cites no authority to support his position, but we construe his argument as one of judicial estoppel, "which prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." Ergo Science, Inc. v. Martin, 73 F.3d 595, 598 (5th Cir. 1996). Judicial estoppel has two limitations: "(1) it may be applied only where the position of the party to be estopped is clearly inconsistent with its previous one; and (2) that party must have convinced the court to accept that previous position." Ahrens v. Perot Sys. Corp., 205 F.3d 831, 833 (5th Cir. 2000). Here, the second limitation defeats Alarcon's position because, in the prior suit, the district court rejected Chase's contention that Alarcon's wife did not have standing, even though the district court ultimately entered summary judgment in Chase's favor after determining that the foreclosure sale was proper. The first res judicata factor is satisfied.

The last res judicata requirement is also satisfied. We apply the transactional test to determine if two suits involve the same cause of action. Test Masters Educ. Serv., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." Id. In this case, as stated above, both Alarcon's suit and his wife's suit arose out of the alleged wrongful foreclosure by Chase. Therefore, it is immaterial that some of

the legal theories Alarcon relies on differ from those in his wife's complaint. "The critical issue is whether the two actions are based on the same 'nucleus of operative facts.'" Id.

Lastly, we consider Alarcon's claim that he was not given an opportunity to respond to Chase's motion for summary judgment. Alarcon's complaint identified two addresses – one was his Huntsville, Texas prison address, the other was an Arlington, Texas home address. Chase maintains that its summary judgment motion was served at both addresses, but Alarcon asserts that he never received the one sent to the Huntsville prison.

We find no support in the record for Alarcon's claim that he was not given an opportunity to respond to Chase's motion. Even if we were to accept Alarcon's contention that he did not receive notice at his prison address, it is unclear how he was harmed. Alarcon admits that his wife notified him of Chase's motion, presumably after she received the motion Chase sent to the home address listed on the complaint. Thus, we find no merit in Alarcon's claim.

We also note that Alarcon did not raise the issue in the district court. It is well established that a party may not raise an issue for the first time on appeal. See United States v. McPhail, 119 F.3d 326, 327 (5th Cir. 1997). Accordingly, the judgment of the district court is AFFIRMED.