FILED

FEB 08 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re: )  BAP No.   AZ-11-1188-JuKiCl
)
DOUGLAS C. RHOADS and SHANNON )  Bk. No.   10-17533-RTB
N. RHOADS, )
)  Adv. No.  10-02256-RTB
        Debtors. )
_____ )
)
DOUGLAS C. RHOADS; SHANNON N. )
RHOADS, )
)
        Appellants, )
)
v. )  **M E M O R A N D U M**[*]
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY as Trustee for the )
WAMU Mortgage Pass-Through )
Certificates Series 2003-AR7 )
Trust; CALIFORNIA RECONVEYANCE)
COMPANY; JP MORGAN CHASE BANK;)
WASHINGTON MUTUAL BANK, FA, )
)
        Appellees. )
_____ )

Argued and Submitted on January 18, 2012
at Phoenix, Arizona

Filed - February 8, 2012

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Redfield T. Baum Sr., Bankruptcy Judge, Presiding
_____

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appearances:    Cynthia L. Johnson, Esq. appeared on behalf of Appellants Douglas and Shannon Rhoads; Brian A. Paino, Esq. appeared on behalf of Appellees Deutsche Bank National Trust Company, et al.

_____

Before: JURY, KIRSCHER, and CLARKSON,[**] Bankruptcy Judges.

Debtors Douglas and Shannon Rhoads appeal the decisions of the bankruptcy court dismissing their adversary proceeding under the doctrine of claim preclusion and denying their motion for reconsideration of that ruling.  Because the elements of claim preclusion are satisfied and grounds for reconsideration under Civil Rule 60(b)[1] are absent, we AFFIRM.

## I.  BACKGROUND FACTS AND PROCEDURAL HISTORY

**A. Loan and Foreclosure Related Events**

This appeal arises from the purported wrongful foreclosure on debtors' principal residence which occurred several months prior to the filing of debtors' bankruptcy petition.  It is one in a series of litigation tactics debtors have undertaken to challenge that foreclosure, all of them unsuccessful.

On April 28, 2003, Douglas obtained a mortgage loan from Washington Mutual ("WaMu") in the principal amount of $962,500, which was reflected in a promissory note secured by a recorded deed of trust encumbering the real property located at 4834 E. Crystal Ln., Paradise Valley, Arizona 85253.  California

---

[**] Hon. Scott C. Clarkson, Bankruptcy Judge for the Central District of California, sitting by designation.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

-2-

Reconveyance Company ("CRC") was named as the original trustee under the deed of trust.

On May 5, 2003, Shannon Rhoads quitclaimed all of her right, title or interest in the property to Douglas Rhoads, as a married man as his sole and separate property.

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver. Pursuant to an agreement between the FDIC and JPMorgan Chase Bank, N.A. ("Chase"), Chase acquired all loans and loan commitments of WaMu. Subsequently, Deutsche Bank National Trust Company ("Deutsche Bank") purchased Douglas' loan in its capacity as Trustee of the WAMU Mortgage Pass-Through Certificates Series 2003-AR7 Trust ("Trust").

In approximately December 2008, Douglas defaulted under the note. On December 31, 2008, CRC recorded a Notice of Trustee's Sale in the Official Records of Maricopa County, State of Arizona. Thereafter, on January 4, 2010, Deutsche Bank as foreclosing creditor acquired the property at a nonjudicial foreclosure sale. On January 7, 2010, Deutsche Bank recorded the deed memorializing the sale. On January 11, 2010, Deutsche Bank served debtors with a Notice Requiring Delivery of Possession of Premises.

**B. The District Court Complaint**

On September 15, 2009, prior to the foreclosure sale, Douglas filed a complaint against WaMu, Washington Mutual Home Loans, Chase, CRC, and various other individual defendants, asserting eighteen claims for relief, in the Superior Court of the State of Arizona for the County of Maricopa ("State Court

-3-

Action").[2]  On January 28, 2010, the State Court Action was removed to the United States District Court for the District of Arizona ("District Court Action").

On February 2, 2010, Chase and CRC filed a motion to dismiss the District Court Action pursuant to Civil Rule 12(b)(6) on grounds the complaint failed to state a claim upon which relief could be granted.  Douglas filed a combined Response to the Motion to Dismiss and Request for Leave to Amend the Complaint to include Deutsche Bank and the Trust as defendants.  The district court denied, without prejudice, Douglas' request for leave to amend to add Deutsche Bank and the Trust for failure to comply with the district court's local rules.

On April 7, 2010, the district court entered an order dismissing fourteen of the eighteen claims with prejudice.  The district court granted Douglas leave to amend his remaining four claims.  After Douglas failed to amend the complaint, the district court entered a Judgment of Dismissal wherein the court dismissed the District Court Action in its entirety as to Chase and CRC, with prejudice.

---

[2] The complaint alleged violations of the Arizona Commercial Code regarding foreclosing on secured notes, violations of the Fair Debt Collection Practices Act, violations of the Truth In Lending Act, violations of the Real Estate Settlement Procedures Act, violations of the Home Ownership and Equal Protection Act, and numerous violations sounding in fraud. All the claims arose out of the note and trust deed, debtors' default thereunder, debtors' attempts to address that default, and the subsequent acts to enforce the note and trust deed by the lenders.

**C. The Bankruptcy and Adversary Complaint**

On June 4, 2010, debtors filed a voluntary chapter 11 petition. On December 28, 2010, Deutsche Bank obtained relief from the automatic stay with respect to the property.[3]

On December 21, 2010, debtors filed an adversary complaint alleging four claims for relief (wrongful foreclosure, unlawful foreclosure in tort, accounting, lack of standing) against Deutsche Bank, Chase, and CRC. On January, 3, 2011, debtors filed a first amended complaint ("FAC") which contained seven[4] claims for relief against Deutsche Bank, Chase, CRC, WaMu, and the Trust ("Appellees"), the subject of this appeal.

Appellees filed a motion to dismiss the FAC alleging claim preclusion based on the district court dismissal of the complaint with similar claims and insufficient service of process. Debtors filed a response to the Appellees' motion wherein they alleged their claims were not barred by claim preclusion because the issues raised in the FAC were distinct from those in the district court complaint. Additionally, debtors stated they would cure the service deficiencies as to Chase. At the hearing on the motion, neither debtors nor their counsel appeared. After a short oral argument by Appellees on

---

[3] Because debtors failed to timely appeal the order granting the motion for relief from stay, we cannot consider that order in this appeal.

[4] The FAC ends with the sixth claim, but debtors misnumbered and there were actually seven.

-5-

the merits, the bankruptcy court granted the motion to dismiss.[5]

On March 11, 2011, debtors filed, concurrently, a motion for relief from judgment pursuant to Civil Rule 60(b) and an objection to the proposed order of dismissal. In their motion, debtors objected to the notice provided in the motion to dismiss and to the bankruptcy court's findings on claim preclusion. Debtors' counsel also submitted that she inadvertently missed the hearing because of a calendaring error on her part.

At the hearing, debtors' attorney withdrew their objection to service, stating "I'm used to seeing that notice of hearing come out. I'm used to seeing that. I somewhat rely on it." Hr'g Tr. April 7, 2011 at 3:7-9. Thereafter, debtors' attorney argued that the FAC was not barred by claim preclusion, reasserting the arguments in debtors' initial response to the motion to dismiss.

First, debtors' attorney argued "[the] allegation for fraud is not about what happened in the district court . . . [the] allegation here is did [defendants] obtain [the lien] with fraud." Hr'g Tr. April 7, 2011 at 5:16-19. The bankruptcy court rejected this argument, noting "[t]he fraud claim now alleged may be on different underlying facts, actions, et cetera, but there was the opportunity [in the district court]."

---

[5] The bankruptcy court granted Appellees' motion to dismiss the FAC with prejudice "based upon the arguments of counsel, pleadings, filings, and record before the court . . . ." The bankruptcy court did not make specific oral findings with respect to claim preclusion at the initial hearing on the motion to dismiss. However, the bankruptcy court did make specific findings at the subsequent hearing on the motion for reconsideration, when debtors appeared.

Hr'g Tr. April 7, 2011 at 6:5-7.

Second, debtors' attorney asserted that Appellees committed fraud on the district court. The bankruptcy court also dismissed this argument, stating "assuming the validity of your [fraud on the court] assertions, seems to me those ought to be made to Judge Wake. The Court where the deception allegedly occurred." Hr'g Tr. April 7, 2011 at 8:8-10. The bankruptcy court entered a combined order denying debtors' motion for relief from judgment and overruling debtors' objection to the order dismissing the FAC.

On April 21, 2011, debtors filed a Notice of Appeal.[6] While the appeal was pending, debtors filed a motion for relief from judgment pursuant to Civil Rule 60(b)(6) in the district court asserting fraud on the court. On August 8, 2011, the district court denied the motion.

## II.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). This Panel has jurisdiction under § 28 U.S.C. § 158.

---

[6] Appellees submitted three requests for judicial notice. The first request is a list of cases in which Douglas Rhoads is a party. We find these irrelevant and deny the request. The second request contains several documents filed with the bankruptcy court. To the extent the documents supplement the record on appeal we grant the request for judicial notice. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003). The third request includes the district court Order Denying the District Court Motion for Reconsideration and several state court orders. We take judicial notice of the former, but deny the request for judicial notice of the state court orders as irrelevant.

-7-

# III. ISSUES

A. Whether the bankruptcy court erred in dismissing the FAC as to the Appellees under Civil Rule 12(b)(6); and

B. Whether the bankruptcy court abused its discretion in denying the Appellants' motion for relief from final judgment under Civil Rule 60(b)(1) and (6).

# IV. STANDARDS OF REVIEW

We review de novo the bankruptcy court's grant of a motion to dismiss under Civil Rule 12(b)(6). Movsesian v. Victoria Versicherung AG, 629 F.3d 901, 905 (9th Cir. 2010). De novo means we will look at the case anew, giving no deference to the bankruptcy judge's determinations. Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006). We presume all facts alleged in the complaint are true for purposes of analyzing a Civil Rule 12(b)(6) decision. Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). A bankruptcy court's ruling on claim preclusion is also reviewed de novo. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007).

We review a bankruptcy court's denial of a motion for relief from an order under Civil Rule 60(b) for an abuse of discretion. Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 939 (9th Cir. 2007). We apply a two-part test to determine whether the bankruptcy court abused its discretion: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn

-8-

from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261–63 (9th Cir. 2009).

## V. DISCUSSION

Deutsche Bank filed its motion to dismiss under Civil Rule 12(b)(6), asserting that the doctrine of claim preclusion was a total bar to the case proceeding. Dismissal for claim preclusion is appropriate if all relief is barred. Holcombe, 477 F.3d at 1100 (affirming dismissal under Civil Rule 12(b)(6) where the claims were barred by the doctrine of claim preclusion).

### Claim Preclusion

Claim preclusion proscribes relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the same parties or their privies. United States v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998). The doctrine protects parties against the expense associated with litigating multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. Montana v. United States, 440 U.S. 147, 153-54 (1979). Claim preclusion applies when there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

Here, the parties do not dispute that the district court entered a final judgment in the District Court Action. United States v Schimmels (In re Schimmels), 172 F. 3d 875, 884 (9th Cir. 1997) (involuntary dismissal with prejudice acts as a

-9-

judgment on the merits).  Therefore, only the first and third elements are at issue.

### Identity of Claims

Debtors contend there is a difference in the nature of their claims in the former district court action versus the adversary proceeding.  For purposes of determining whether two successive lawsuits involve the same cause of action, the Ninth Circuit uses the following criteria: (1) whether rights or interests established in the prior judgment would be destroyed or impaired; (2) whether the evidence is substantially the same; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

As aptly pointed out by debtors, the most significant factor is the last.  However, nowhere do debtors establish that the district court action arose out of different transactional facts.  Rather, debtors merely recite historical facts supporting a new legal theory under which they argue Deutsche Bank wrongly foreclosed on their property.

Further, other factors to be considered in determining identity of claims also lead us to the conclusion that debtors' adversary proceeding was barred by claim preclusion.  Our review of the portion of the district court complaint provided to us shows that it was not solely based on origination and pre-sale conduct as debtors contend.  In ¶ 46 of the complaint, Douglas alleged "[t]his is an illegal non-judicial foreclosure and that

-10-

is the core of our argument."[7] We find significant that debtors' adversary complaint in the prayer for relief sought a declaratory judgment rendering void the trustee's sale held on September 16, 2009. Moreover, the district court established Chase's right to foreclose on debtors' property by rejecting Douglas's claims based on the "show me the note" argument and violations of numerous federal and state statutes through dismissal of the complaint.

Debtors further contend that the adversary complaint contains new allegations of fraud based on new evidence. Our review of the FAC shows that not a single cause of action relates to any unlawful act that occurred after the dismissal of the district court complaint. See Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr, 994 F.2d 1426, 1430 (9th Cir. 1993) ("The fact that some different evidence may be presented in this action . . . does not defeat the bar of res judicata."). Accordingly, debtors' claims in the adversary proceeding are barred under the doctrine of claim preclusion. Even if Douglas did not raise the exact same claims in the district court, he certainly had the

[7] The district court complaint contained several allegations regarding the sale of the property. The district court complaint alleged, among other things, that WaMu and Chase were not in possession of the note, that improper and fraudulent recording effectuated a trustee sale, and that CRC conducted a trustee's sale in bad-faith. Further, the district court complaint asserted a trustee sale occurred September 16, 2009, when in fact, the trustee sale occurred after the complaint was filed on January 4, 2010. Nevertheless, Douglas had an opportunity to amend the district court complaint prior to dismissal on April 22, 2010.

-11-

opportunity to raise them.  <u>Clark v. Bear Stearns & Co.</u>, 966 F.2d 1318, 1320 (9th Cir. 1992) (claim preclusion "bars all grounds for recovery which could have been asserted, whether they were or not").

### Identity or Privity Between Parties

The general rule states that a person who was not a party to a suit has not had a full and fair opportunity to litigate their claims.  <u>Richards v. Jefferson Cnty.</u>, 517 U.S. 793, 798 (1996).  The general rule is subject to seven exceptions, two of which are relevant to this appeal.  <u>Taylor v. Sturgell</u>, 553 U.S. 880, 893 (2008).  First, a nonparty may be bound by a judgment because of a pre-existing substantive legal relationship.  <u>Id.</u> at 894.  Second, a nonparty may be bound by a judgment if they were "virtually represented" by a party to the previous litigation.  <u>Adams v. Cal. Dept. of Health Servs.</u>, 487 F.3d 684, 691 (9th Cir. 2007).  The United States Supreme Court established the test for the doctrine of virtual representation, stating that it requires, "at a minimum: (1) the interests of the nonparty and her representative are aligned (citation omitted); and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty."  <u>Taylor</u>, 553 U.S. at 900.

### a. Privity Between Debtors

Here, privity exists between debtors because of their substantive legal relationship and under the doctrine of virtual representation.  The relationship between debtors is that of husband and wife.  Under Arizona law, a fiduciary relationship

-12-

exists between spouses with respect to community assets. <u>Gerow v. Covill</u>, 960 P.2d 55, 64 (Ariz. Ct. App. 1998). The spousal fiduciary relationship satisfies the privity requirement for purposes of claim preclusion. <u>Sparks Nugget Inc., v. C.I.R.</u>, 458 F.2d 631, 639 n.4 (9th Cir. 1972); <u>see also</u> <u>Cuauhtli v. Chase Home Fin. LLC</u>, 308 Fed. Appx. 772, 774 (5th Cir. 2009).

In addition, Douglas was the virtual representative of his wife, Shannon. Both share identical interest in the law suits, the purpose of which is to avoid Appellees' foreclosure of the property. <u>See</u> <u>Trevino v. Gates</u>, 99 F.3d 911, 924 (9th Cir. 1996) (grandmother-granddaughter relationship found to be "sufficient in this case"). Further, Douglas understood that he was acting in a representative capacity to his wife. The district court complaint acknowledges that "Plaintiff and his wife lived in the subject property as their primary residence."

### b. Privity Between Appellees

Debtors also assert that the identity of parties requirement is not satisfied because Deutsche Bank and the Trust were not parties to the district court complaint. Deutsche Bank, however, qualifies as a nonparty bound by the district court judgment based on its substantive legal relationship as successor in interest. <u>Taylor</u>, 553 U.S. at 894 ("Qualifying relationships include, but are not limited to, preceding and succeeding owners of property . . . ."). Likewise, the Trust qualifies because Deutsche Bank is the trustee of the Trust.

Based on the foregoing analysis, we conclude that all of the elements of claim preclusion as a bar to relitigation have been satisfied. Accordingly, the bankruptcy court's decision to

-13-

grant the motion to dismiss based on the principles of claim preclusion was proper.

## Motion for Reconsideration

Civil Rule 60(b)(1) provides that a court may relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect." Civil Rule 60(b)(6) provides relief for "any other reason that justifies relief."

Here, the bankruptcy court did not abuse its discretion by failing to grant relief under either subsection of Civil Rule 60(b) because the bankruptcy court reconsidered its prior decision. Debtors contend that the bankruptcy court incorrectly applied Civil Rule 60(b) with respect to debtors' attorney's failure to appear at the initial hearing on Appellee's motion to dismiss. Contrary to Debtors' assertion, however, the bankruptcy court did in fact reconsider its prior ruling. At the hearing on the motion for reconsideration, the bankruptcy court stated "[w]ell again, I'm not going to decide this because of the notice . . . . So let me turn to what I kind of see as the merits . . . ." Hr'g Tr. April 7, 2011 at 4:1-7. Thereafter, debtors' attorney and the bankruptcy court engaged in a lengthy discussion on the merits of claim preclusion. Accordingly, the bankruptcy court provided debtors a full and fair opportunity to be heard on the merits. The bankruptcy court concluded, as we conclude, debtors' adversary complaint was barred by claim preclusion.

Accordingly, the bankruptcy court did not abuse its discretion in denying debtors' motion for relief from judgment.

-14-

## VI. CONCLUSION

Having determined there is no basis for reversal for either of the court's orders, we AFFIRM.